IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TRUMAN SCOTT,**

    **Petitioner,**

v.                                        **CIVIL ACTION NO. 2:17cv14**
                                                 **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**REPORT AND RECOMMENDATION**
**I. BACKGROUND**

On February 22, 2017, Truman Scott ("Petitioner") file a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. On March 7, 2017, he paid the $5.00 filing fee. The Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District of North Carolina. This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

**II. FACTS**[1]

On February 1, 1999, a jury found Petitioner guilty of a six-count indictment that charged him and two others with: Count One, conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; Counts Two, Three and Four, interference with commerce by threat or

---

[1] The facts are taken from a § 2241 petition filed on behalf of the Petitioner, by counsel on June 17, 2016. See Civil Case Number 1:16-cv-119-IMK-MJA. The ECF numbers in the fact section are from that case. The undersigned notes that counsel's motion to proceed *pro hoc vice* was denied because he failed to provide the name of a responsible local attorney.

violence in violation of 18 U.S.C. § 1951; and Counts Five and Six, violent crime/drugs, machine gun in violation of 18 U.S.C. § 924(c). ECF 9-1 at 4, 17. On April 19, 1999, Petitioner was sentenced on Count 1 to 405 months imprisonment; on Counts 2, 3 and 4 to 240 months imprisonment to run concurrently with the sentence in Count 1; on Count 5 to 120 months imprisonment to be served consecutive to the sentences on Counts 1-4; and on Count 6 to 240 month imprisonment to be served consecutive to the sentences in Counts 1-5.[2] Id. at 19.

Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on all counts on March 14, 2000. Id. at 21. Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 27. 2000.[3]

Petitioner filed a writ of error *coram nobis* which was denied by the Fourth Circuit on September 25, 2000. Id. at 23.

On November 21, 2001, Petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255 which was denied August 28, 2003. Id. at 26. Petitioner appealed this denial September 22, 2003. Id. The Fourth Circuit dismissed the appeal December 30, 2003. Id. at 27. The petition for rehearing and for rehearing en banc was denied March 30, 2004. Id. Petitioner filed a motion for relief from final judgment under Fed. R. Civ. P. 60(b) on January 9, 2007, which was denied on January 25, 2007. Id. at 29. Petitioner appealed on February 8, 2007. The appeal was dismissed on April 19, 2007. Id. at 30. Petitioner filed a motion to

---

[2] Petitioner's projected release date is May 26, 2047. See Inmate locator at BOP.gov.

[3] See Docket Entry 55 in Court of Appeal Docket # 99-4299 (4th Cir.) available on PACER.

discontinue sentence on August 16, 2010, which the Court construed as a motion to vacate under 28 U.S.C. § 2255 and denied January 25, 2011.  Id. at 33.  A Certificate of Appealability was denied on August 2, 2011.  Id. at 35.  A motion to reconsider was denied on August 19, 2011.  Id.  Petitioner appealed September 20, 2011, and the appeal was dismissed February 3, 2012.  Id. at 36.  Petitioner then filed another motion to vacate under 28 U.S.C. § 2255 on September 24, 2012 which was dismissed on September 27, 2012.[4]  Id.  Petitioner filed a Motion for Reduction of Sentence - crack cocaine offense which was denied July 11, 2014.  Id. at 39.

### III. Pleadings

In his pending Petition for Relief Under 28 U.S.C. 2241, which is nearly identical to the petition filed by counsel on June 17, 2016[5], and subsequently dismissed with prejudice, Petitioner contends that after his trial was over and his appeal completed, he discovered that there was favorable evidence that was known to the State but not provided to him as required by Brady v. Maryland. More specifically, Petitioner alleges that in 2006, he received a letter from the former clerk of court[6] which indicated that after Court had

---

[4]Like his pending § 2241 petition, Petitioner's claims arose from the federal prosecution and conviction of law enforcement personnel following an investigation entitled "Operation Tarnished Bade." Operation Tarnished Badge was a joint state and federal investigation of corrupt law enforcement officers in Robeson County, North Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. In his § 2255, Petitioner alleged officers of the Robeson County Sheriff's Department fabricated evidence and testified falsely against him in retaliation for his refusal to participate in a drug dealing scheme with the officers. ECF No. 9-5 at 2-3.

[5]Petitioner filled out this Court's form petition and attached the petition prepared by counsel as "Petitioner's Brief in Support of Motion under 28 U.S.C. § 2241." ECF No. 1-1.

[6]Petitioner actually indicates that the letter was from the Clerk of Court.  However, the exhibit attached to the petition filed by counsel establishes that it was a court reporter.

adjourned, she was approached by two prosecutors as well as several federal agents requesting that she turn over all recorded transcripts from his trial including her hand written notes. Petitioner maintains that there was evidence in those transcripts and other documents that pointed to his innocence. In addition, Petitioner alleges that Robert Percy, a federal inmate, sent a letter to Frank Dupree, Senior District Judge, on April 11, 2001, indicating that he had discovered evidence that Task Force Investigators had a fraudulent indictment drawn up and had the court reporter alter the minutes of the detention hearing so that it could never be deciphered and used. Petitioner also alleges that he discovered after trial that the Clerk of Court signed the arrest warrant as opposed to a District Judge or Magistrate Judge. Petitioner maintains that the authority to issue arrest warrants rests with the judges of the Court as mandated by the United States Supreme Court. Petitioner further alleges that he received a letter from his nephew informing him that he had told the police that Petitioner did not commit the crime and did not tell him to commit the crime. Petitioner maintains that this information was never given to him during trial. Finally, Petitioner alleges that after trial, he discovered that several police officers involved in his case were, themselves, convicted for the same acts. Further, he received a letter from Deputy C.T. Strickland, one of the convicted officers, telling Petitioner that his testimony was deleted from the transcript. Based on these alleged <u>Brady</u> violations, Petitioner maintains that he is actually innocent of the crimes for which he was convicted. For relief, he seeks an order vacating his conviction and sentence and immediate release from confinement. In addition, he requests that he be compensated for the unconstitutional

deprivation of his liberty.[7]

## IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

## V. ANALYSIS

Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new

---

[7]To the extent that Petitioner seeks monetary relief, he would be required to file a Bivens action and only after his conviction was reversed.

grounds not heretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483 (1991). As amended by AEDPA, § 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

28 U.S.C. § 2244(a). As previously noted, Petitioner filed a § 2241 habeas petition in this court asserting the same challenge to his conviction as asserted in the present petition.[8]

The United States Court of Appeals for the Second, Seventh and Ninth Circuits have held or noted in published opinions that a § 2244(a) bars successive petitions under § 2241 directed to the same issue. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2255(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); see Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004) (discussing Chambers); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issues concerning execution of a sentence"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The Tenth Circuit has concurred in unpublished opinions. Jackson v. Morris, 8 F. App'x 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (Table). Similarly, prior to the enactment of the ADEPA amendments, several circuit courts held that where a petitioner filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. See George v. Perrill, 62 F.3d 333, 334-45 (10th

---

[8] See footnote 1 supra.

Cir. 1995) (superceded by statute as stated in Ackerman v. Novak, 483 F.3d 647 (10th Cir 2007); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442-43 (8th Cir. 1981). The ADEPA amendments do not alter the reasoning of these circuits in applying § 2244(a) to bar a successive § 2241 petition.

For a petition to be barred as successive under this provision, the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6 (1986) (plurality opinion). Under the abuse-of-the-writ doctrine, a court may dismiss a subsequent petition when "a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks." Id. The Supreme Court has noted that the restrictions on successive petitions set forth in § 2244(a) "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996).

In the instant case, Petitioner has raised the identical issues in Civil Action No. 1:16cv119. That petition was decided on the merits after Respondent filed a Motion to Dismiss and Response to Show Cause. Accordingly, this petition is subject to dismissal as a successive petition. In the event that the Court is not inclined to dismiss under this theory, the undersigned believes that the Court's findings regarding Petitioner's first § 2241 petition filed with this Court remain accurate.

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand,

is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction of the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusiff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when;
> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

8

>prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[9]

Id. at 333-34.

Although Petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. § 1951, 21 U.S.C. § 846 and 18 U.S.C. § 924(c) remain criminal offenses.[10]

Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements. Accordingly, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED WITH PREJUDICE.** The undersigned further recommends that Petitioner's Motion for a Hearing

---

[9] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable 28 U.S.C. § 2255. See Jones, 226 F.3d at 330.

[10] The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

[ECF No. 2] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this Recommendation will result in waver of the right to appeal from a judgment of this Court based upon such recommendations.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record via electronic means.

DATED: April 27, 2017.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE