# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**TRUMAN SCOTT,**

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

Civil Action No. 2:17-cv-14
(BAILEY)

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble filed his R&R on April 27, 2017 [Doc. 8]. In that filing, the magistrate judge recommended that this Court deny petitioner's 28 U.S.C. § 2241 motion [Doc. 1] and Motion for Hearing [Doc. 2], and dismiss this action from the docket.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de*

1

*novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Doc. 10] on May 11, 2017. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

## I. **Background**[1]

On February 1, 1999, in the United States District Court for the Eastern District of North Carolina, petitioner was found guilty on all counts of a six-count indictment that charged him and two others with: (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846; (2) conspiracy to interfere with commerce by violence; (3) interference with commerce by violence; (4) attempt to interfere with commerce by violence in violation

---

[1] This Court notes that petitioner filed a nearly identical Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of West Virginia on September 17, 2016 [1:16-cv-119, Doc. 1]. Petitioner retained counsel in that matter, who, in turn, authored and filed petitioner's habeas corpus petition [1:16-cv-119, Id.]. However, said retained counsel, Edward Smith, Jr., was Denied Leave to Appear Pro Hac Vice after first failing to timely file a suitable pro hac vice application, then thereafter failing to list a responsible local attorney [1:16-cv-119, Doc. 15]. After an R&R was issued recommending that the Court deny and dismiss the petition [1:16-cv-119, Doc. 13], petitioner was apprised of his right to file *pro se* objections [1:16-cv-119, Doc. 15]. On December 23, 2016, the Court adopted the R&R and denied and dismissed the petition [1:16-cv-119, Doc. 21]. This Court has referred to the Exhibits referenced in the petition here in line with the corresponding Exhibits in case 1:16-cv-119, as the two petitions are almost identical.

2

of the Hobbs Act, 18 U.S.C. § 1951; (5) use of a sawed-off shotgun during a drug trafficking crime or crime of violence under 18 U.S.C.A. § 924(c)(1); and (6) use of a firearm during a crime of violence and aiding and abetting under 18 U.S.C.A. § 924(c)(1) and 18 U.S.C. § 2 [See 1:16-cv-119, Doc. 9-1 at 4, 17; see also **United States v. Scott**, 208 F.3d 211, 2000 WL 274966 at *1 (4th Cir. March 14, 2000)]. On April 19, 1999, petitioner was sentenced on Count 1 to 405 months' imprisonment; on Counts 2, 3 and 4 to 240 months' imprisonment to run concurrently with the sentence in Count 1; on Count 5 to 120 months' imprisonment to be served consecutive to the sentences on Counts 1-4; and on Count 6 to 240 months' imprisonment to be served consecutive to the sentences in Counts 1-5 [See 1:16-cv-119, Doc. 9-1 at 19].[2] Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on all counts on March 14, 2000. **Scott**, 208 F.3d 211, 2000 WL 274966 at *1. Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on November 27, 2000. **Truman Scott v. United States**, 121 S.Ct. 563 (2000).

In the time since his conviction was affirmed, the petitioner has filed a number of habeas corpus petitions, all of which have been denied and contain the same or similar allegations against corrupt law enforcement officers in Robeson County, North Carolina. United States District Judge Terrence W. Boyle of the Eastern District of North Carolina summarized petitioner's claims in 2011 by stating:

> "Petitioner's claims arise from the federal prosecution and conviction of law enforcement personnel following an investigation entitled 'Operation Tarnished Badge.' Operation Tarnished Badge was a joint state and federal investigation of corrupt law enforcement officers in Robeson County, North

---

[2] Petitioner's projected release date is May 26, 2047. See Inmate locator at BOP.gov.

3

> Carolina. The investigation resulted in over twenty (20) federal convictions, including the conviction of former Robeson County Sheriff Glenn Maynor and nearly his entire command structure. See **United States v. Maynor**, 310 Fed. Appx. 595, 596-98 (4th Cir. 2009). Petitioner alleges officers of the Robeson County Sheriff's Department 'fabricated' evidence and testified falsely against him in retaliation for Petitioner's refusal to 'participate in a drug dealing scheme' with the officers . . .. He seeks relief on the basis of his allegedly tainted prosecution and conviction."

***Scott v. United States***, 2011 WL 13128265 at *1 (E.D. N.C., Aug. 2, 2011). Petitioner has repeated many of those allegations in his pending Petition for Relief filed Under 28 U.S.C. § 2241, and again alleges that officers from the Robeson County Sheriff's Department fabricated evidence and again testified falsely against him.

As the R&R contains a full recitation of the petitioner's allegations in the instant petition, the same does not bear repeating here. Petitioner essentially contends that Federal agents and the prosecution team committed numerous **Brady** violations before, during, and after his trial which render him actually innocent of the crimes for which he was convicted. Accordingly, he now seeks an order vacating his conviction and sentence and immediate release from confinement. In addition, petitioner requests that he be compensated for the unconstitutional deprivation of his liberty.

## II. Analysis

In the R&R, Magistrate Judge Trumble recommends that this Court deny and dismiss the instant Petition [Doc. 1], as it contains identical issues to those decided by United States District Judge Irene M. Keeley in 1:16-cv-119. In his Objections to the R&R, petitioner "urges this [C]ourt to consider and entertain this application in the interests of justice," and contends that the issues in the instant petition, "have not been decided on the merits" [Doc. 10 at 2]. Petitioner does not otherwise provide an explanation for the

exceedingly similar nature of the two petitions, nor does he detail how, or why, his prior petition was not dismissed on the merits.

As noted in the R&R, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

28 U.S.C. § 2244(a). It is well settled both in this Court and in Federal courts around the country that, "a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim." **Blunt-Bey v. Perdue**, 2013 WL 6073496 at *3 (N.D. W.Va. Nov. 18, 2013) (Stamp, J.); *see also* **Chambers v. United States**, 106 F.3d 472, 475 (2nd Cir. 1997); **Queen v. Miner**, 530 F.3d 253, 255 (3rd Cir. 2008); **Valona v. United States**, 138 F.3d 693, 695 (7th Cir. 1998); **Barapind v. Reno**, 225 F.3d 1100, 1111 (9th Cir. 2000); **Jackson v. Morris**, 8 F. App'x 890, 892 (10th Cir. 2001).

As noted above, petitioner filed a § 2241 habeas petition before United States District Judge Irene M. Keeley in case number 1:16-cv-119. That petition is nearly identical to the instant petition, and he asserts the same challenges to his conviction there that he asserts herein. One need only compare the petition in case 1:16-cv-119 alongside the instant Brief in Support of Motion Under 28 U.S.C. § 2241 [Doc. 1-1]. Nearly every paragraph and sentence in those filings are identical. Additionally, in his Brief in Support

of Motion Under 28 U.S.C. § 2241, petitioner references exhibits which were attached to his petition in 1:16-cv-119, but not attached in the instant case. Furthermore, that petition was decided on the merits after Respondent filed a Motion to Dismiss and Response to Show Cause in case 1:16-cv-119. Accordingly, this petition is subject to dismissal as a successive petition.

### **CONCLUSION**

Upon careful review of the record, this Court hereby **ADOPTS** the magistrate judge's Report and Recommendation **[Doc. 8]** for the reasons stated above. As such, the petitioner's Objections **[Doc. 10]** are **OVERRULED**, and petitioner's Motion for a Hearing **[Doc. 2]** is hereby **DENIED AS MOOT**. Accordingly, this Court hereby **DENIES** and **DISMISSES** the petitioner's § 2241 petition **[Doc. 1]** and this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 17, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

6